UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT EARL QUIRION, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 1:03-cr-0021-JAW-1 |
| v. | ) | No. 1:05-cv-00006-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON MOTION
PURSUANT TO RULE 15(c) FED. R. CIV. P. AND RULE 12
OF THE RULES GOVERNING § 2255 PROCEEDINGS RELATION BACK**

Robert Earl Quirion was convicted of bank robbery on January 8, 2004, and sentenced as an armed career criminal to 210 months in prison followed by three years of supervised release. On January 11, 2005, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel and that his sentence violated his right to a jury trial. I recommended that Quirion's motion be denied on January 14, 2005, and the Court affirmed on February 1, 2005. The Court then denied a certificate of appealability on February 14, 2005. Quirion moved for a reduction of his sentence on May 11, 2009, but the Court denied the motion on July 9, 2009. United States v. Quirion, 1:03-cr-00021-JAW (ECF No. 60) (this Court's analysis of why Sentencing Guideline Amendment 709 has no retroactive applicability in Quirion's case, considering the distinction in both United States v. Ahrendt, 560 F.3d 69, 78-79 (1st Cir. 2009), and United States v. Godin, 522 F.3d 133, 135 (1st Cir. 2008), and denying reduction of sentence) (Woodcock, C.J.). In the present motion, Quirion again seeks a reduction of his sentence, arguing that the Court should apply Amendment 709 to him so that he is not considered a career offender. He contends that his equal protection rights are violated if Amendment 709 is not applied to him because the defendants in Godin and Ahrendt,

whose appeals were pending at the time of Amendment 709, had their cases remanded for consideration of whether resentencing was appropriate in light of the amendment.  Quirion also states that his present motion is an amendment that relates back to his § 2255 motion pursuant to Fed. R. Civ. P. 15(c).

### DISCUSSION

The Government offers several reasons why Quirion's present motion should be denied, and I conclude that these reasons are sound.  Quirion is attempting to amend his § 2255 motion even though the Court decided it in 2005.  Fed. R. Civ. P. 15(c) does not permit the amendment of a motion that is no longer pending.  Furthermore, the present motion raises the same issue that the Court already decided against Quirion in 2009.

Quirion's motion is a successive § 2255 motion even though he placed a different label on it.  Seventh Circuit Judge Easterbrook, addressing a similar effort to end-run the Antiterrorism and Effective Death Penalty Act (AEDPA) limitations on § 2255 relief, has said that artful pleading will not save the day:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning.  See, e.g., Owens v. Boyd, 235 F.3d 356 (7th Cir. 2000) (application for coram nobis); United States v. Evans, 224 F.3d 670 (7th Cir. 2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence).  Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover.  See, e.g., Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001).  Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls.  See Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996).

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).  The First Circuit takes the same dim view of inventive labels attached to § 2255 pleadings.  Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008).

2

Section 2244 of the federal habeas corpus statute provides:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  See also id. § 2255(h).  The present motion clearly represents a successive attempt to obtain post-conviction relief from this Court.  Given this presentation, this Court lacks jurisdiction to hear the motion.  28 U.S.C. §§ 2244(a), (b)(3)(A), 2255(h); Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) ("AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.").

## CONCLUSION

This Court has no jurisdiction to resentence Quirion.  I recommend that the Court deny the pending motion without further proceedings because the only available remedy in this Court is via § 2255, and any petition by Quirion under that statute is time-barred and procedurally inappropriate because he has not obtained leave from the circuit court of appeals to file a second or successive petition.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

3

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 7, 2012