UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT EARL QUIRION | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:03-cr-00021-JAW |
| | ) | 1:05-cv-00006-JAW |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION**

On February 18, 2003, wearing a stocking hat with the hood of his sweatshirt pulled up, Robert Earl Quirion entered the Skowhegan Savings Bank in Belgrade, Maine, presented a teller with an envelope demanding money, and left with $700.00 in bait bills. *Prosecution Version* at 1 (ECF No. 23) (Docket No. 1:03-cr-00021-JAW). During the robbery, Mr. Quirion placed his right hand into his jacket and the teller thought that this was his way of telling her he had a gun. *Id.* Within an hour, Mr. Quirion was apprehended with the bank's money in his pocket. *Id.* On January 8, 2004, Mr. Quirion pleaded guilty to bank robbery by force or violence, a violation of 18 U.S.C. § 2113(a). Concluding that Mr. Quirion was a Career Offender within the meaning of United States Sentencing Guideline § 4B1.1, on January 12, 2004, the Court sentenced Mr. Quirion to 210 months incarceration, three years supervised release, and a $100.00 special assessment. *J.* (ECF No. 50). He did not appeal.

On January 11, 2005, Mr. Quirion moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody* (ECF No. 1) (Docket No. 1:05-cv-00006-JAW). Mr. Quirion presented two grounds for relief: (1) that his attorney rendered ineffective assistance of counsel by failing to argue that two of his predicate convictions had been consolidated for sentencing and should have counted as one offense; and (2) that his sentence violated his right to a jury trial under *Blakely v. Washington*, 542 U.S. 296 (2004). *Id.* at 5. By Recommended Decision dated January 14, 2005, the Magistrate Judge recommended that the Court dismiss Mr. Quirion's § 2255 petition. *Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 2). On February 1, 2005, the Court affirmed the Recommended Decision. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 4). On February 10, 2005, Mr. Quirion appealed to the Court of Appeals for the First Circuit. *Notice of Appeal* (ECF No. 6) (Docket No. 1:05-cv-00006-JAW). On September 21, 2005, the First Circuit denied a certificate of appealability and entered a judgment, terminating his appeal. *J.* (ECF No. 19).

On May 11, 2009, Mr. Quirion moved to reduce his sentence. *Mot. for Reduction of Sentence Pursuant to Amend. to U.S. Sentencing Guidelines* (ECF No. 55) (Docket No. 1:03-cr-00021-JAW). In his motion, Mr. Quirion argued that Amendment 709 to the United States Sentencing Guidelines that became effective November 1, 2007 should apply to his case, and if it did, the Career Offender provision would no longer apply to him. *Id.* at 1-2. On July 7, 2009, the Court

denied his motion, concluding that Amendment 709 did not apply retroactively to his case because his sentence had become final before the effective date of the Amendment. *Order on Mot. for Reduction of Sentence* at 1 (ECF No. 60). Mr. Quirion did not appeal this Order.

On March 14, 2012, Mr. Quirion filed a motion under Rules 12 and 15, asking the Court to exercise its discretion and revisit his § 2255 petition. *Mot. Pursuant to Rule 15(c) Fed. R. Civ. P. and Rule 12 of the Rules Governing § 2255 Proceedings Relation Back* (ECF No. 20) (Docket No. 1:05-cv-0006-JAW) (*Def.'s Mot.*). In his Motion, Mr. Quirion contends that the Court should apply to his case the same principles found in *United States v. Godin*, 522 F.3d 133 (1st Cir. 2008) and *United States v. Ahrendt*, 560 F.3d 69 (1st Cir. 2009). *Id.* at 3. On September 7, 2012, the Magistrate Judge issued a Recommended Decision in which she recommended that the motion be denied by the Court. *Recommended Decision on Mot. Pursuant to Rule 15(c) Fed. R. Civ. P. and Rule 12 of the Rules Governing § 2255 Proceedings Relation Back* at 3 (ECF No. 34) (*Recommended Decision*).

The Magistrate Judge first ruled that Mr. Quirion was attempting to amend the petition that he had filed in 2005 and that the 2005 petition was no longer pending, so there was no active pleading to amend. *Id.* at 2. Next, the Magistrate Judge noted that Mr. Quirion had raised the same issue in 2009, which was decided against him. *Id.* Third, the Magistrate Judge concluded that, despite being labeled a motion to amend, Mr. Quirion was in fact attempting to file a successive § 2255 petition. *Id.* In order to file a successive petition, the Magistrate Judge observed,

3

Mr. Quirion was required to move in the appropriate court of appeals for an order authorizing the district court to consider the application, which he had not done. *Id.* at 3.

On September 27, 2012, Mr. Quirion objected to the Report and Recommended Decision. *Objection to the Magistrate's R and R Dated 9/7/12* (ECF No. 35). Mr. Quirion first disputes the Magistrate Judge's assertion that he cannot amend a pleading in a closed case. *Id.* at 1. He says that he cited caselaw that allows such an amendment and that the Magistrate Judge cited no authority for her conclusion. *Id.* Mr. Quirion's cited authority relates to the application of the doctrine of equitable tolling for statute of limitations purposes and he complains that the Magistrate Judge failed to address his tolling issue. *Id.* at 1-2. Next, Mr. Quirion claims that the issue he is now attempting to raise differs from his 2009 petition because his current claim of error is based on *Gall v. United States*, 552 U.S. 38 (2007). *Id.* at 2. He says that he only wants to be treated like Messrs. Ahrendt and Godin. *Id.* 4-5.

Mr. Quirion is incorrect about the applicability of Rule 15 to a case where a final judgment has issued. In *Ondis v. Barrows*, 538 F.2d 904 (1st Cir. 1976), the First Circuit explained that "'[m]ost courts faced with the problem have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 and 60.'" *Id.* at 909 (quoting 6 CHARLES ALLAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1489).

4

Furthermore, even if Mr. Quirion's tolling theory were applicable, he has not demonstrated extraordinary circumstances that prevented his timely assertion of a right. The case Mr. Quirion cited, *Nara v. Frank*, 264 F.3d 310 (3d Cir. 2001) stated "'[t]his will occur when the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights.'"[1] *Id.* at 319 (quoting *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998)). Here, Mr. Quirion attached to his motion three hospital records from June of 2010, indicating that he had a bout of pneumonia. *Def.'s Mot.* Attachs. 9-11. The last note of June 29, 2010 pronounced Mr. Quirion as "stable." *Id.* Attach. 11. Mr. Quirion's illness in June 2010 from which he appears to have fully recovered does not constitute an extraordinary circumstance justifying his failure to act when he was not so ill.

Finally, regarding his contention that the Magistrate Judge erred when she wrote that his "present motion raises the same issue that the Court already decided against Quirion in 2009," *Recommended Decision* at 2, the Court agrees with the Magistrate Judge. The Court reviewed its Order on Motion for Reduction of Sentence and notes that its Order dealt with precisely the same issue Mr. Quirion is attempting to raise in his current motion: whether the First Circuit decisions in *Ahrendt* and *Godin* require that the United States Sentencing Commission's Amendment 709 should be applied to his case. *Order on Mot. for Reduction of Sentence* at 1-5. Mr. Quirion's attempt to reframe the question as one of discretion

---

[1] Mr. Quirion also cites *United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000), but *Thomas* is not applicable because in *Thomas* the underlying petition had not been dismissed before the motion to amend was filed.

under *Gall v. United States*, 552 U.S. 38 (2007) does not change the fact that the Court has already ruled against him on this issue.

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and has made a de novo determination of all matters adjudicated therein. The Court concurs with the recommendation of the Magistrate Judge for the reasons set forth in her Recommended Decision and for the additional reasons set forth herein and the Court determines that no further proceeding is necessary.

1. The Court ORDERS that the Recommended Decision of the Magistrate Judge (ECF No. 34) be AFFIRMED;
2. The Court DENIES Robert Earl Quirion's Motion Pursuant to Rule 15(c) Fed. R. Civ. P. and Rule 12 of the Rules Governing § 2255 Proceedings Relation Back (ECF No. 20).

SO ORDERED.

John A. Woodcock, Jr.  
JOHN A. WOODCOCK, JR.  
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 26th of November, 2012